**Nilda Iliana RODRIGUEZ, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 03–10–00715–CR.**

Court of Appeals of Texas,
Austin.

July 31, 2013.

Discretionary Review Granted
Nov. 6, 2013.

James H. Kreimeyer, Belton, TX, for Appellant.

Henry Louis Garza, Bell County District Attorney, Bob D. Odom, Assistant District Attorney, Belton, TX, for Appellee.

Before Chief Justice JONES, Justices GOODWIN and FIELD.

### *OPINION*

MELISSA GOODWIN, Justice.

Appellant Nilda Iliana Rodriguez appeals from a judgment convicting her of the offense of felony murder for the death of her seven-week-old son. *See* Tex. Penal Code § 19.02(b)(3). For the reasons that follow, we affirm the judgment of conviction.

### BACKGROUND

Rodriguez gave birth to her son on October 8, 2008. She had other children at the time. After her son was discharged from the hospital, Rodriguez was responsible for his care as well as her other children's

care. Her husband was overseas at the time. Her son died on December 3, 2008, as a result of malnutrition, dehydration, and medical neglect. Rodriguez did not take her son to see a doctor from the day that he went home from the hospital until the day he died. On that day, EMS was called to Rodriguez's home. Her son was taken to the hospital where he was pronounced dead.

In two paragraphs, the State charged Rodriguez with felony murder. The State alleged that Rodriguez committed and attempted to commit the felony offense of injury to a child and "in the course of and in furtherance of the commission and attempted commission of the said felony, Nilda Iliana Rodriguez, did attempt to commit and commit an act clearly dangerous to human life which caused the death of [her child]."

In Paragraph I, the indictment named the following "act[s] clearly dangerous to human life": (1) "starving" the said child, and (2) "withholding from" the said child "sufficient nutrition and fluids to maintain life." In Paragraph II, the indictment named the following "act[s] clearly dangerous to human life":

> Nilda Iliana Rodriguez did then and there fail to insure that the said [child] ingested and benefitted from sufficient nutrition and fluids; and, did then and there fail to seek medical care when it was apparent that the said [child] needed medical care and the said Nilda Iliana Rodriguez was then and there a person (1) having the legal and statutory duty to [the child]; and (2) having assumed care, custody, and control over [the child] had the duty to [the child] to provide protection, food, and medical care.

Rodriguez testified that she was responsible for her son's care during his life. She does not dispute that her son died of starvation, and the evidence established that the child's condition and need for medical treatment were readily apparent. An expert for the State opined that the child was malnourished and dehydrated and that "his condition would have been apparent to anybody who was taking care of him on a routine basis." He also testified that the malnutrition and dehydration were a result of inadequate nutrition over a period of days, "that this child wasn't getting enough nutrition," and that this type of condition "progresses over time." The coroner who performed the autopsy on the child similarly concluded that the cause of death was malnutrition and dehydration. The great-grandmother of the child also testified that she told Rodriguez five days before the child died that the child "looks sick," he "don't look like he will make it two weeks" and that Rodriguez needed "to be calling 911 looks like." Rodriguez did not take her son to the doctor until the day of his death, but she answered "yes, sir" when asked whether she fed him and whether she treated him like all of her other children. The evidence also showed that there was no medical reason for her son's condition, such as vomiting or diarrhea or other medical problems, except the withholding of sufficient nutrition and fluids.

The jury found Rodriguez guilty and assessed punishment at thirty years' confinement in the Texas Department of Criminal Justice. The trial court thereafter entered a judgment of conviction by jury.

## ANALYSIS

### Appellant's Initial Brief

In the sole issue raised in her appellant's brief, Rodriguez challenges the validity of the indictment. She contends: "The indictment does not support appel-

lant's conviction for felony murder because the predicate felony of injury to child, as alleged in each paragraph of the indictment, [is] committed by omission, not acts, as required by section 19.02(b)(3) [of the Texas Penal Code]." *See* Tex. Penal Code §§ 19.02(b)(3), 22.04.[1] Rodriguez contends that the State prosecuted her under the wrong statute and theory of law. She argues that the indictment only alleged omissions, not affirmative acts, and that injury to a child by omission cannot support the offense of felony murder.

■ Rodriguez, however, did not file a motion to quash the indictment, object to the indictment at any time during the trial, or otherwise raise this argument with the trial court. She, therefore, failed to preserve this issue for appellate review. *See* Tex.Code Crim. Proc. art. 1.14(b) ("If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding."); *Teal v. State,* 230 S.W.3d 172, 176–77, 182 (Tex.Crim.App.2007) (discussing article 1.14(b) and holding that defendant waived right to object to indictment defects).

■ To the extent that Rodriguez's complaint is that the indictment failed to charge an offense and, therefore, the trial court did not have subject matter jurisdiction, we may consider this complaint for the first time on appeal. *See Teal,* 230 S.W.3d at 178–79. "The proper test to determine if a charging instrument alleges 'an offense' is whether the allegations in it are clear enough that one can identify the offense alleged." *Id.* at 180. "If they are, then the indictment is sufficient to confer subject matter jurisdiction." *Id.* Applying this test here, we conclude that the allegations in the indictment "are clear enough that one can identify" that the offense alleged is felony murder under section 19.02(b)(3) of the Penal Code based upon the underlying felony of injury to a child. *See id.* We overrule Rodriguez's sole issue raised in her appellant's brief.

### Appellant's Supplemental Brief

Although our analysis should be complete, this Court requested supplemental briefing from the parties. We asked whether we can and should raise, on our own motion, the sufficiency of the evidence to support the conviction and "whether the evidence was sufficient to prove that, as alleged, the appellant committed an act clearly dangerous to human life in the course of committing the felony of injury to a child." In response, both parties filed supplemental briefs that addressed both issues.

In this context, we address Rodriguez's challenge in her supplemental brief to the legal sufficiency of the evidence to support

---

1. Section 19.02(b)(3) of the Penal Code states the elements of felony murder as follows:

   (b) A person commits an offense if he: . . .

   (3) commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

Tex. Penal Code § 19.02(b)(3). Section 22.04 of the Penal Code provides the elements for the offense of injury to a child. *Id.* § 22.04. This offense may be committed by "act" or by "omission." *Id.* § 22.04(a). The elements for the offense of injury to a child based upon "omission" require the actor to have "a legal or statutory duty to act" or to have "assumed care, custody, or control of a child." *Id.* § 22.04(b).

the judgment of conviction. *See* Tex. R.App. P. 38.7 ("A brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe."); *Bigon v. State,* 252 S.W.3d 360, 369 (Tex.Crim.App.2008) ("Appellate courts have the jurisdiction and authority to review unassigned error.") (citations omitted); *Carroll v. State,* 101 S.W.3d 454, 456 (Tex.Crim.App.2003) ("Once jurisdiction of an appellate court is invoked, exercise of its reviewing function is limited only by its own discretion or a valid restrictive statute.") (quoting *Carter v. State,* 656 S.W.2d 468, 469 (Tex.Crim. App.1983)).[2]

### Standard of Review

■ When reviewing the sufficiency of the evidence to support a conviction, we consider all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Brooks v. State,* 323 S.W.3d 893, 899 (Tex.Crim.App.

2010). We measure the sufficiency of the evidence by the elements of the offense as defined in a hypothetically correct jury charge. *Cada v. State,* 334 S.W.3d 766, 773 (Tex.Crim.App.2011); *Malik v. State,* 953 S.W.2d 234, 240 (Tex.Crim.App.1997). Such a charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Byrd v. State,* 336 S.W.3d 242, 246 (Tex.Crim. App.2011) (quoting *Malik,* 953 S.W.2d at 240).[3]

■ In assessing the legal sufficiency of the evidence, we have a duty "to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime that was charged." *Williams v. State,* 235 S.W.3d 742, 750 (Tex.Crim.App.2007); *see Winfrey v. State,* 323 S.W.3d 875, 882 (Tex.Crim.App.2010).

### Act or Omission

Similar to her challenge to the indictment raised in her appellant's brief, Rodri-

---

**2.** Whether we must address in this opinion the issues raised in the supplemental briefs is debatable. *See* Tex.R.App. P. 38.1(f) (appellant's brief must contain issues presented for review); *Garrett v. State,* 220 S.W.3d 926, 928–29 (Tex.Crim.App.2007) (concluding that court of appeals was not required to address factual sufficiency of evidence in its opinion even though court requested supplemental briefing on its own motion).

**3.** Rodriguez did not object to the charge of the court. The jury was instructed:

> A person commits the offense of murder if she commits or attempts to comment a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, she commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.
>
> . . .

> A person commits the felony offense of injury to a child if she intentionally, knowingly, recklessly or with criminal negligence by act or intentionally, knowingly or recklessly by omission causes a child serious bodily injury or bodily injury.
>
> An omission that causes serious bodily injury is conduct constituting an offense if the actor has a legal or statutory duty to act or the actor has assumed care, custody or control of a child. A person has assumed care, custody or control of a child if she by act, words or course of conduct acted so as to cause a reasonable person to conclude that she has accepted responsibility for protection, food, shelter and medical care for the child.

The State's theory at trial was that Rodriguez committed the offense of injury to a child by acts and omissions. *See* Tex. Penal Code § 22.04.

guez urges that the conduct alleged in the indictment and proven at trial—"starvation and neglect"—were "omissions," and that the felony offense of injury to a child by omission cannot support felony murder because felony murder requires an "act." *See* Tex. Penal Code §§ 19.02(b)(3), 22.04; *see also id.* § 1.07(a)(1) (defining "Act" to mean "bodily movement, whether voluntary or involuntary, and includes speech"), (a)(34) (defining "Omission" as "failure to act").

▇▇▇▇ "Felony murder is an unintentional murder committed in the course of committing a felony." *Threadgill v. State,* 146 S.W.3d 654, 665 (Tex.Crim.App.2004) (citation omitted). The only felony expressly excluded from felony offenses that may serve as the underlying felony is manslaughter. *See* Tex. Penal Code § 19.02(b)(3); *Spence v. State,* 325 S.W.3d 646, 650 (Tex.Crim.App.2010) (focusing on "literal text to determine the objective meaning of that text at the time of its enactment" when interpreting statutes). Informed by the text of section 19.02, we conclude that felony murder may be based upon the underlying offense of injury to a child whether by act or omission. *See, e.g., Johnson v. State,* 4 S.W.3d 254, 258 (Tex.Crim.App.1999) (affirming felony murder conviction premised on underlying offense of injury to child); *Hopper v. State,* No. 03–03–00508–CR, 2004 WL 2108665, at *1 (Tex.App.-Austin Sept. 23, 2004, pet. ref'd) (mem. op., not designated for publication) (same); *see also Villanueva v. State,* 227 S.W.3d 744, 747–48 (Tex.Crim.App.2007) (concluding that act and omission are two means of proving offense of injury to a child); *Baldwin v. State,* 264 S.W.3d 237, 242–43 (Tex.App.-Houston [1st Dist.] 2008, pet. ref'd) (noting that jury was instructed to convict based upon "act or omission" and upholding sufficiency of evidence to support convictions for injury to child).

We agree with Rodriguez, however, that the State had to prove "an act clearly dangerous to human life" to support the conviction of felony murder. *See* Tex. Penal Code §§ 19.02(b)(3). One of the State's allegations was "starving [the child]." The evidence at trial established that Rodriguez's son starved to death over a period of time, that Rodriguez was responsible and primarily cared for him during that period of time, including feeding him, and that the child's condition was apparent. The expert for the State and the coroner testified that the child died as a result of malnutrition and dehydration, and the expert testified that the condition "progresses over time." After seeing the child five days before he died, the great-grandmother told Rodriguez that she needed "to be calling 911 looks like."

▇▇▇ The jury could have reasonably inferred from this evidence that Rodriguez committed acts—such as continuously feeding her son far less than he needed—in starving her son that were "clearly dangerous to human life." *See Jackson,* 443 U.S. at 319, 99 S.Ct. 2781 (in sufficiency review, assume that the trier of fact drew reasonable inferences in a manner that supports the verdict and responsibility of trier of fact "to draw reasonable inferences from basic facts to ultimate facts"); *see also Driver v. State,* 358 S.W.3d 270, 276–77 (Tex.App.-Houston [1st Dist.] 2011, pet. ref'd) (disagreeing with the defendant that "possession of cocaine as an underlying felony to felony murder forecloses proof of bodily movement that constitutes an act clearly dangerous to human life, or as the State charged in this case, 'allowing' a child to ingest cocaine" and holding "the evidence was legally sufficient to support the jury's findings that [the defendant's] possession of cocaine, together with his

placing his son in circumstances that allowed his son to ingest it, constitute actions that were clearly dangerous to his son's life"); *Hill v. State*, 881 S.W.2d 897, 902–03 (Tex.App.-Fort Worth 1994), *aff'd*, 913 S.W.2d 581 (Tex.Crim.App.1996);[4] *Depauw v. State*, 658 S.W.2d 628, 633, 635 (Tex.App.-Amarillo 1983, pet. ref'd) (noting that phrase "an act clearly dangerous to human life" not defined in Penal Code and that phrase has a "common and ordinary meaning so that a juror could properly understand such term").

Viewing the evidence in the light most favorable to the verdict, we conclude that the evidence was legally sufficient to support the conviction. *See Jackson*, 443 U.S. at 319, 99 S.Ct. 2781; *see also Garcia v. State*, 16 S.W.3d 401, 405 (Tex.App.-El Paso 2000, pet. ref'd) ("Texas case law is replete with holdings that when an adult defendant has had sole access to a child at the time its injuries are sustained, the evidence is sufficient to support a conviction for injury to a child, or murder if the child dies.") (collecting cases).

## CONCLUSION

For these reasons, we affirm the judgment of conviction.

Concurring Opinion by Justice FIELD; Dissenting Opinion by Chief Justice JONES.

SCOTT K. FIELD, Justice, concurring.

The Court requested supplemental briefing on whether the evidence is suffi-cient to support appellant's conviction. I would not have joined in that request had I been on the panel at that time. Appellant never argued sufficiency of the evidence in her original brief and therefore has not preserved this ground for appeal. *See* Tex.R.App. P. 38.1(f); *Rochelle v. State*, 791 S.W.2d 121, 124–25 (Tex.Crim.App. 1990) ("[S]tated policy of the rules [of appellate procedure is] that all matters be raised in the original brief."). The Court's request for additional briefing did not "grant or even impliedly grant a supplemental issue for review"; thus, this Court is not required to address the sufficiency of the evidence, and I believe it should decline to do so in this case. *See Garrett v. State*, 220 S.W.3d 927, 928–29 (Tex. Crim.App.2007) (concluding that appellate court not required to address issues not raised in original brief, even when court requests supplemental briefing).

I concur in the majority's analysis of the issues raised in appellant's original brief and the judgment of the Court.[1]

J. WOODFIN JONES, Chief Justice, dissenting.

Despite the horrific nature of appellant's conduct in this case, this Court has a duty, in assessing the legal sufficiency of the evidence, to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime that was charged. *Williams v. State*, 235 S.W.3d 742, 750 (Tex.Crim.App.2007); *see*

---

4. In *Hill*, the State charged the appellants with injury to a child based upon "omission" and the appellants argued—opposite to Rodriguez's position here—that failing to provide appropriate food and medical care when they had a legal duty to do so was "a course of affirmative action, not a course of omission." 881 S.W.2d 897, 902 (Tex.App.-Fort Worth 1994), *aff'd*, 913 S.W.2d 581 (Tex.Crim.App. 1996). Appellants stated that they " 'acted in' starving [the child]" and "depriving [the

child] of food." Rejecting this argument, the court noted that it was "simply a battle waged in semantics." *Id*. The court also noted that the evidence at trial may well have supported the convictions for acts as well as omissions. *Id*.

1. I express no opinion about the sufficiency of the evidence.

*Winfrey v. State,* 323 S.W.3d 875, 882 (Tex. Crim.App.2010). "If the evidence establishes precisely what the State has alleged, but the acts that the State has alleged do not constitute a criminal offense under the totality of the circumstances, then that evidence, as a matter of law, cannot support a conviction." *Williams,* 235 S.W.3d at 750.

In this case, the evidence at trial proved the conduct the State alleged in the indictment: that appellant failed to provide adequate nutrition and necessary medical care to her son, thereby causing his death. But the particular offense the State chose to charge appellant with requires that the accused have caused the death by an affirmative "act," not by an "omission." The evidence here fails to show that appellant committed any "act" or an "act clearly dangerous to human life" that caused her son's death. Thus, the evidence is insufficient to support her conviction for felony murder. Because the majority concludes otherwise, I respectfully dissent.

### BACKGROUND

Appellant gave birth to twins, Deon and his sister, in early October 2008. Deon weighed 5 pounds 6 ounces at birth. Seven weeks later he died as a result of malnutrition and dehydration. At the time of his death, he weighed only 6 pounds. The evidence at trial established that Deon starved to death. The evidence also showed that there was no medical reason for the child's condition except the withholding of proper nutrition and that his condition and need for medical treatment would have been readily apparent to anyone caring for him on a routine basis.

In a two-paragraph indictment, the State charged appellant with "felony murder" using "injury to a child" as the underlying felony offense. The criminal conduct alleged in the first paragraph was (1)

starving Deon, and (2) withholding sufficient nutrition and liquids necessary to maintain his life. The criminal conduct alleged in the second paragraph was (1) failing to ensure that Deon "ingested and benefited from" sufficient nutrition and fluids, and (2) failing to seek medical care for him when the need was apparent and appellant had a legal and statutory duty to do so. The State alleged the above described conduct as both the manner and means of causing injury to Deon as well as the act clearly dangerous to human life causing his death.

### DISCUSSION

Appellant essentially concedes on appeal that the evidence at trial established that she caused her son's death by starvation and medical neglect. A plain reading of the Texas Penal Code, however, shows that failing to provide adequate nutrition and necessary medical care are "omissions" and cannot constitute "an act clearly dangerous to human life" as required by section 19.02(b)(3) of the Penal Code. Accordingly, I cannot escape the conclusion that the indictment (alleging injury to a child "by omission") does not support felony murder under the facts of this case and, further, that the evidence is legally insufficient to support her conviction for felony murder.

Felony murder is an unintentional murder committed in the course of committing a felony. *Threadgill v. State,* 146 S.W.3d 654, 665 (Tex.Crim.App.2004) (citing *Fuentes v. State,* 991 S.W.2d 267, 272 (Tex. Crim.App.1999)). In a felony-murder prosecution, the State must prove (1) an underlying felony (attempted or committed, excepting manslaughter or an offense included within manslaughter), (2) an act clearly dangerous to human life (attempted or committed), (3) the death of an individual, (4) causation (i.e., the dangerous act

caused the death), and (5) a connection between the underlying felony and the dangerous act ("in the course of and in furtherance of ... or in immediate flight from"). *Contreras v. State*, 312 S.W.3d 566, 583–84 (Tex.Crim.App.2010); *see* Tex. Penal Code § 19.02(b)(3). The same felonious act of the underlying felony can also serve as the act clearly dangerous to human life; no proof of an additional dangerous act beyond the underlying felony is required. *Johnson v. State*, 4 S.W.3d 254, 258 (Tex.Crim.App.1999); *see Lomax v. State*, 233 S.W.3d 302, 310 (Tex.Crim.App. 2007). According to section 19.02(b)(3), however, it is clear that an *act* clearly dangerous to human life must cause the death of an individual before the felony-murder rule applies. *See* Tex. Penal Code § 19.02(b)(3).

The State argued at trial that appellant committed felony murder by her "actions"—starving her son and withholding adequate nutrition from him—and by her "inactions"—failing to ensure that her son received proper nutrition and failing to obtain necessary medical care. The State characterized all of appellant's conduct—actions and inactions—as "acts" for the purposes of felony murder.[1] However, the Penal Code specifically defines "act" to mean "a bodily movement, whether voluntary or involuntary[.]" *Id.* § 1.07(a)(1). Despite the State's attempt to differentiate appellant's conduct or characterize it as an "act," all of the alleged conduct—starving a child, withholding sufficient nutrition and liquids necessary to maintain life, failing to ensure that a child ingests sufficient nutrition and fluids, and failing to obtain necessary medical care—are instances of *failing* to act or take some action. A failure to act is an omission. *Id.* § 1.07(a)(34) (" 'Omission' means failure to act."). An "act" involves an affirmative action on the part of a person, while an "omission" involves a forgoing of action. Appellant's conduct as alleged in the indictment—and proved at trial—involved omissions, not acts.[2]

---

1. In closing argument, the State argued:

    The defendant in this case withheld nutrition. Starved her child. She did not make sure he was hydrated. She didn't feed him enough. That is the act in furtherance of the injury to a child.

    She didn't make sure that he benefited from the nutrition. She didn't make sure he put on the right amount of weight. She didn't get him to a doctor. This could have been stopped. This didn't have to happen and that baby could have lived. But she didn't get medical care. She didn't take him to a free clinic. And that is an act in furtherance of injury to a child.

    . . . .

    Because she acted, withheld the food, because she failed to act by getting him to that doctor, to the hospital, she's guilty of felony murder.

    And later, in final closing argument, the State argued:

    ... [B]ut what she's charged with is withholding food, withholding hydration, withholding nutrition. Doing an act that's clearly dangerous to human life. And in so doing causing the death of him.

    . . . .

    ... [T]he act of withholding sufficient nutrition, hydration, killed the child, made him die.... This is about her act in committing injury to a child that then led to the death of the child. That's what felony murder is.

2. The jury charge did not contain the Penal Code definition of either "act" or "omission." The trial court is obligated to charge the jury on the "law applicable to the case." Tex. Code Crim. Proc. art. 36.14; *Murphy v. State*, 44 S.W.3d 656, 661 (Tex.App.-Austin 2001, no pet.). Thus, the trial court must instruct the jury on each element of the offense charged and each statutory definition that affects the meaning of an element of the offense. *Harkins v. State*, 268 S.W.3d 740, 742 (Tex.App.-Fort Worth 2008, pet. ref'd); *Murphy*, 44 S.W.3d at 661. If a phrase, term, or word that the jury must use to properly resolve the issues is statutorily defined, the trial court must submit the statutory definition to the jury. *Arline v. State*, 721 S.W.2d 348, 352 n. 4 (Tex.Crim.App.1986); *Harkins*, 268 S.W.3d at 742–43; *Murphy*, 44 S.W.3d at 661.

The offense of injury to a child can be used as the predicate felony offense for felony murder. *Contreras*, 312 S.W.3d at 584 (citing *Johnson*, 4 S.W.3d at 258); *see Hopper v. State*, No. 03–03–00508–CR, 2004 WL 2108665, at *6 (Tex.App.-Austin Sept. 23, 2004, pet. ref'd) (mem. op., not designated for publication). Further, it is possible for injury to a child to be committed "by omission." *See* Tex. Penal Code § 22.04(a); *see also Villanueva v. State*, 227 S.W.3d 744, 747 (Tex.Crim.App.2007) (reaffirming that terms "by act" or "by omission" constitute alternative means of committing injury to child). In addition, starving a child and failing to obtain necessary medical care can support a conviction for the offense of injury to a child. *See, e.g., Baldwin v. State*, 264 S.W.3d 237, 243 (Tex.App.-Houston [1st Dist.] 2008, pet. ref'd) (evidence was sufficient to permit jury to reasonably infer that children suffered serious bodily injury because appellant intentionally and knowingly failed to provide adequate nutrition and medical care); *see also Rosales v. State*, 932 S.W.2d 530, 535 (Tex.App.-Tyler 1995, pet. ref'd); *Hill v. State*, 881 S.W.2d 897, 900–01 (Tex.App.-Fort Worth 1994), *aff'd*, 913 S.W.2d 581 (Tex.Crim.App.1996). But the issue here is whether conduct constituting an "omission"—a "failure to act"—can also

Here, the trial court did not submit the relevant definitions. Nevertheless, under Texas law, we measure the sufficiency of the evidence by the elements of the offense as defined in a hypothetically correct jury charge. *Cada v. State*, 334 S.W.3d 766, 773 (Tex.Crim.App.2011); *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App.1997). Such a charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Byrd v. State*, 336 S.W.3d 242, 246 (Tex.Crim.App.2011) (quoting *Malik*, 953 S.W.2d at 240).

be conduct constituting "an *act* clearly dangerous to human life." [3]

Relying on the language of the felony-murder statute, the majority rejects appellant's contention that felony injury to a child "by omission" cannot support the offense of felony murder. 408 S.W.3d at 631. I agree with the majority's conclusion that the plain language of section 19.02(b)(3) does not necessarily exclude injury to a child "by omission" as an underlying felony for a felony-murder prosecution. *See, e.g., Lomax*, 233 S.W.3d at 309 ("The plain language of Section 19.02(b)(3) also does not exclude felony DWI as an underlying felony for a felony-murder prosecution, and we must understand the Legislature to have meant what the plain language of Section 19.02(b)(3) expresses."). I further reject appellant's contention because while the same felonious conduct *can* support both the underlying felony and the act clearly dangerous to human life, it does not have to. After all, while an omission is, by definition, a failure to act, that does not mean that a defendant charged with an omission may not also engage in some type of act during the course of that omission. [4] There can be proof of an additional dangerous act beyond the felonious act (or omission) of the underlying felony. Thus, like the

3. The Penal Code defines the term "conduct" to include "an act or omission." Tex. Penal Code § 1.07(a)(10).

4. For example, in *Hill v. State*, an injury-to-a-child case, the appellants physically restrained their son, chaining him up, in order to deny him food. *Hill v. State*, 881 S.W.2d 897, 902–03 (Tex.App.-Fort Worth 1994), *aff'd*, 913 S.W.2d 581 (Tex.Crim.App.1996). The Fort Worth Court of Appeals noted that the State proved that the appellants "acted" in restraining their child and also that the appellants "failed to act" by not providing adequate nourishment. *Id.*

majority, I reject appellant's contention that felony murder cannot be predicated on the felony offense of injury to a child "by omission" *per se.* Rather, when injury to a child "by omission" is the underlying felony offense alleged for felony murder, the specific facts of the case must determine whether the evidence is sufficient to demonstrate both (1) the omission causing the injury to the child, and (2) the requisite act clearly dangerous to human life causing death. That being said, though I believe that injury to a child "by omission" can, when accompanied by an additional dangerous act, support the offense of felony murder, it does not do so in this case.

As the majority notes, the evidence at trial demonstrated that Deon starved to death over a period of time and that he died as a result of malnutrition and dehydration. 408 S.W.3d at 630. The majority then concludes that "[t]he jury could have reasonably inferred from this evidence that [appellant] committed acts—such as continuously feeding her son far less than he needed—in starving her son that were 'clearly dangerous to human life.'" 408 S.W.3d at 633. I cannot agree with that conclusion.

The felony-murder statute requires not merely an "act" but an act that is "clearly dangerous to human life" and, more importantly, an act clearly dangerous to human life "that causes the death of an individual." *See Lawson v. State,* 64 S.W.3d 396, 399 (Tex.Crim.App.2001) (Cochran, J., concurring) (to prove felony murder, State must prove "that the specific actor, under the specifically articulated circumstances, committed some act that was clearly dangerous to human life and, further, that that dangerous act caused the death of the victim"); Tex. Penal Code § 19.02(b)(3). I cannot conclude, as the majority does, that appellant's conduct, as shown by the evidence at trial, constituted an "act clearly dangerous to human life" as "act" is defined by the Penal Code. The definitions contained in section 1.07 of the Penal Code apply to Penal Code offenses, and we are not free to ignore the statutory definitions and substitute our own. *See Hines v. State,* 906 S.W.2d 518, 520 (Tex.Crim.App. 1995) ("[W]e are bound to construe Penal Code provisions in light of definitions in the Penal Code itself."); *see also* Tex. Penal Code § 1.05; Tex. Gov't Code § 311.011(b). Consequently, for conduct to be an "act clearly dangerous to human life" under section 19.02(b)(3), it must first be an "act" as defined by section 1.07(a)(1), which explicitly states that "[i]n this code ... '[a]ct' means a bodily movement, whether voluntary or involuntary[.]" Tex. Penal Code § 1.07(a)(1). "Clearly dangerous to human life" describes the type of act required, but it does not dispense with the requirement that there be an "act" under section 1.07(a)(1), nor does it modify the statutory definition to eliminate "bodily movement." Accordingly, I do not believe that an "omission" that does not involve any associated "act," i.e., "a bodily movement," can serve as an "act clearly dangerous to human life" under section 19.02(b)(3).

Further, the dangerous act must *cause* the death of the victim. *See Lawson,* 64 S.W.3d at 399–400 (Cochran, J., concurring) ("Not only must the defendant commit an act that is clearly dangerous to human life, it must also be that specific act which causes the victim's death. The State must prove that *but for* the dangerous act, the deceased would not have died." (Emphasis in original.)) Thus, under the felony-murder statute and applicable Penal Code definitions, felony murder requires "a bodily movement" that (1) is "clearly dangerous to human life," (2) "causes the death of an individual," and (3) occurs in connection with some felony (other than

manslaughter or a lesser-included offense of manslaughter). *See, e.g., Hines,* 906 S.W.2d at 520 (plugging definition of "another" from Penal Code section 1.07(a)(4) into section 21.07 when conducting statutory interpretation of public lewdness statute).

Here, malnutrition and dehydration caused Deon's death. These conditions were caused by appellant's *failure* to act, i.e., *not* providing adequate nutrition to the child and *not* obtaining medical care for him. The evidence does not reflect any "act" associated with these "omissions." The majority construes "continuously feeding her son far less than he needed" as an "act." I disagree, but even so, the "act" of feeding any amount of food could not itself have *caused* Deon's death. In fact, the opposite is true. Any amount of food fed to Deon would have provided some nutrition and staved off malnutrition and dehydration, not caused these conditions. Thus, even if one construed feeding too little to be an "act," as the majority does, it was not an act that caused death, but rather one that prolonged life.[5]

Juries are permitted to draw reasonable inferences from the evidence, but they are not permitted to draw conclusions based on speculation. *Hooper v. State,* 214 S.W.3d 9, 15 (Tex.Crim.App.2007). An inference is a conclusion reached by considering other facts and deducing a logical consequence from them. *Id.* at 16. Speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented. *Id.* A conclusion reached by speculation may not be completely unreasonable, but it is not sufficiently based on facts or evidence. *Id.* Here, although the jury was free to make inferences from the evidence presented, neither the evidence at trial nor reasonable inferences therefrom support the conclusion that appellant committed an "act clearly dangerous to human life" that caused her son's death. There is simply no evidence in the record before us that in the course of starving or medically neglecting her son, appellant engaged in any type of affirmative bodily movement that caused Deon's death. Nor is there any evidence from which a jury could reasonably make this inference. The majority's conclusion to the contrary is based on speculation rather than facts or evidence.

Although the evidence established that appellant's *omissions* caused Deon's death, the evidence does not show that she committed any *act* at all, let alone an "act clearly dangerous to human life" that caused his death. Consequently, the evidence fails to establish an essential element of the charged offense of felony murder—that appellant committed an act clearly dangerous to human life that caused her son's death.[6]

---

**5.** The State's medical expert, a pediatrician specializing in child abuse, testified that the wasting away of the body from malnutrition "progresses over time ... and depends a little bit on how much the child is being fed. If he's absolutely not fed at all, it will happen more rapidly. If he's fed small amounts but not adequate amounts, it will happen over a prolonged—more prolonged period of time."

**6.** The State did not have to charge appellant as it did. It could have charged her with murder under section 19.02(b)(2), which does not require proof of an "act" but only of

causing the death. *See* Tex. Penal Code §§ 19.02(b)(2) ("A person commits an offense if he ... knowingly causes the death of an individual[.]"); 6.03(b) ("A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result."). Or the State could simply have charged her with injury to a child by omission. *See id.* § 22.04(a), (b)(1). "Knowingly" causing "serious bodily injury" to a child is a first degree felony, which carries the same punishment range as felony murder. *See id.* §§ 19.02(c); 22.04(a)(1), (e).

## CONCLUSION

Felony murder under section 19.02(b)(3) requires proof of an *act* clearly dangerous to human life—not *conduct* clearly dangerous to human life or an *omission* clearly dangerous to human life—that caused the death of an individual. Without evidence showing an "act" or, more specifically, "an act clearly dangerous to human life" that caused Deon's death, the evidence in this case, as a matter of law, cannot support a conviction for felony murder. I am therefore compelled to find that the evidence is legally insufficient to support appellant's conviction for felony murder. Accordingly, I would sustain appellant's sufficiency challenge. Because the majority does not, I respectfully dissent.